IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30043
Summary Calendar
_____

RANDOLPH MATTHIEU,

                              Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                              Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2007
--------------------
June 4, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Randolph Matthieu, a Louisiana prisoner (# 117977), moves
this court for a certificate of appealability ("COA") to appeal
the district court's denial of his 28 U.S.C. § 2254 habeas corpus
petition.  This court issues a COA to an applicant only if he
makes a substantial showing of the denial of a constitutional
right.  28 U.S.C. § 2253(c)(2).

     A review of the record reflects that the district court
overlooked two of the claims that Matthieu raised in his habeas
petition and continues to pursue.  First, Matthieu has contended

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that his trial counsel performed ineffectively by failing to investigate his alleged Post-Traumatic Stress Disorder and otherwise diminished mental capacity. In its final ruling, the district court erroneously stated that this particular ineffectiveness claim, which was fully exhausted in the state courts, had already been dismissed, when it in fact remained pending. Second, Matthieu also has argued that the trial evidence was constitutionally insufficient to support his conviction of second-degree murder. The district court apparently overlooked this insufficient-evidence claim in concluding that Matthieu's remaining claims involved only "evidentiary rulings by the state trial court." Because these two claims should be addressed by the district court in the first instance, COA is GRANTED as to these two claims and this case is VACATED and REMANDED for further proceedings as to these two claims.

Two other claims raised by Matthieu--that the trial court erred in admitting a photograph of the murder victim's body and in admitting testimony that Matthieu had fled the jurisdiction-- do involve the mere admissibility of evidence under state law and are thus not cognizable on federal habeas review. See Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998). A third claim, that the state trial court denied a motion for continuance based on surprise evidence introduced by the prosecution, similarly involves a state court evidentiary ruling. See id. In a fourth claim, Matthieu had not demonstrated that the trial court erred by allowing the jury to take notes during trial. See Fortenberry

v. Maggio, 664 F.2d 1288, 1292 (5th Cir. 1982).  Because Matthieu has not made a substantial showing of the denial of a constitutional right as to these four claims, COA is DENIED as to these claims.

Matthieu has effectively waived two other claims by failing to brief them in his COA application:  his claims (a) that counsel performed ineffectively by failing to interview state witnesses before trial, to call defense witnesses regarding his alleged flight, and to give him proper advice upon his return for trial, and (b) that the Louisiana Supreme Court erred in overruling the trial court's granting of his motion to suppress evidence.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

COA GRANTED IN PART; COA DENIED IN PART; VACATED AND REMAND FOR FURTHER PROCEEDINGS.